UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TROY JENNINGS,            :
                          :
     Petitioner           :    CIVIL NO. 3:CV-09-665
                          :
     v.                   :    (Judge Conaboy)
                          :
BUREAU OF PRISONS, ET AL.,:
                          :
     Respondents          :

FILED
SCRANTON
APR 3 0 2009
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Troy Jennings, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, Jennings has submitted an application requesting leave to proceed in forma pauperis. Named as Respondents are various federal entities including the Federal Bureau of Prisons (BOP).[1] For the reasons outlined below, the petition will be denied without prejudice to any right Jennings may have to reassert his present claims in a properly filed civil rights complaint.

---

[1] The only proper Respondent in a § 2241 proceeding is Petitioner's custodian, in this case the Warden at USP-Allenwood. Consequently, the USP-Allenwood Warden will be substituted as sole Respondent.

Jennings is not challenging the legality of his underlying federal criminal conviction or sentence. Rather, his petition initially contends that employees of the Federal Bureau of Prisons (BOP) violated his due process and equal protection rights as well as their own internal regulations in their periodic computations of his security level and custody classification. He contends that in determining his classification level the BOP erred by: (1) exaggerating his history of violence; (2) underestimating his educational background; (3) failing to employ a properly staffed classification unit team; (4) not undertaking a timely review; (5) acting in a discriminatory manner by taking his age into consideration; and (6) improperly charging him with poor programming and escape. See Doc. 1, Grounds 1-15. Petitioner also asserts that he was denied proper medical care for stab wounds inflicted by another inmate and was improperly placed on IFRP[2] refusal status. See id., Grounds 16 & 17.

---

[2] The BOP's Inmate Financial Responsibility Plan ("IFRP") encourages federal prisoners to meet their financial responsibilities by entering into a contractual payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review.

As relief, Petitioner asks "that his good time be corrected" and his classification designation be changed to accurately reflect his status and background. He also seeks compensatory and punitive damages. Doc. 1, p. 22.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479

*1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

**Civil Rights Claims/Monetary Damages**

A challenge to a custody/security classification by the BOP is normally not a proper grounds for federal habeas relief. See Jimenez v. Fanello, Civil No. 99-1596, slip op. at 4 (M.D. Pa. Sept. 20, 1999). Claims regarding the adequacy of medical treatment afforded to an inmate do not sound in habeas corpus and are only properly asserted in a civil rights complaint. See Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court noted that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of

4

Petitioner's incarceration, habeas relief is unavailable and a civil complaint was the appropriate form of remedy."
A challenge to IFRP refusal status is also not properly asserted in a habeas corpus petition. See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.). Furthermore, requests for monetary damages are likewise not sought via a habeas corpus petition.

As previously noted, federal habeas corpus relief is limited to inquiries into the "legality of detention." Leamer, 288 F.3d at 540. Federal habeas relief is unavailable unless the petition attacks the "validity of the continued conviction or the fact or length of the sentence." Id. at 542. Pursuant to the above discussion, Petitioner's challenges to his custody classification/security level, the adequacy of his medical treatment and his placement on IFRP refusal status as well as his request for monetary relief do not concern either the fact or duration of his confinement in prison and therefore are not the appropriate subject of a federal habeas corpus action.

Consequently, those assertions will be denied as meritless without prejudice to any right Jennings may have to reassert those present claims in a properly filed civil rights

5

complaint.[3] See Wool v. York County Prison, Civil. No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlett v. Holland, Civil. No. 96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").[4]

**Good Time Credit**

The only viable habeas corpus claim presently raised by Jennings is his contention that the BOP's failure to make a timely determination as to his educational level status prevented him from being awarded good time credit. See Doc. 1, p. 31.

---

[3] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claim Jennings may file based upon the facts asserted herein.

[4] Attached to this order are two (2) copies of this court's form civil rights complaint, which Jennings should use if he chooses to file a civil rights complaint. Also attached for Petitioner's use is this court's form application to proceed in forma pauperis and authorization form.

6

28 U.S.C. § 2244(a) and Rule 9[5] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof, set forth the pertinent authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

---

[5] Rule 9 of the Habeas Corpus Rules provides:
Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

7

> Our most recent decisions confirm that a petitioner
> can abuse the writ by raising a claim in a
> subsequent petition that he could have raised in
> his first, regardless of whether the failure to
> raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

In relevant part, section 2244(a) now provides:

> No circuit or district judge shall be required to
> entertain an application for a writ of habeas
> corpus to inquire into the detention of a person
> pursuant to a judgment of a court of the United
> States if it appears that the legality of such
> detention has been determined by a judge or court
> of the United States on a prior application for
> writ of habeas corpus, except as provided in
> section 2255.[6]

However, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of § 2244 are applicable to § 2241 habeas petitions brought by federal prisoners. See Felker vs. Turpin, 518 U.S. 651, 664 (1996)(holding that the restrictions on successive petitions found in § 2244, "constitute a modified res judicata rule, a

---

[6] Section 2255(h) provides:
    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. § 2241); Valona vs. United States, 138 F.3d 693, 695 (7th Cir. 1998)(holding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers vs. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)(dismissing § 2241 petition as successive pursuant to § 2244); Byrd vs. Gillis, 1997 WL 698157, at *1 (E.D. Pa. 1997)(applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under § 2241).

Jennings acknowledges that he previously filed a § 2241 habeas action before the United States District Court for the Eastern District of New York, Jennings v. United States, Civil No. 1:08-cv-03661, which likewise challenges the legality of his custody classification by the BOP. See Doc. 1, pp. 43, 44, & 99. Attached to Jennings' pending petition is a copy of a declaration by BOP Case Manager Crystal Zerr which was filed in Petitioner's action before the Eastern District of New York. See Doc. 1, p. 43. Based upon the substance of Zerr's declaration, Jennings' present claim relating to good time credit as well as many, if not all of his other pending assertions were incorporated within the arguments raised before

9

the Eastern District of New York in his initially federal habeas petition. Petitioner does not provide any substantive argument as to why it would be appropriate for this Court to consider a claim which has already been presented to another federal district court. Petitioner fails to show that his instant claims fall within the statutory exceptions outlined above or that he has been granted leave to file a second or successive habeas corpus petition. Consequently, under the requirements set forth in § 2244(b), it would also appear that Jennings' claim seeking correction of his good time credits also should not be entertained by this Court. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 30, 2009

```
                UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

TROY JENNINGS,                    :
                                  :
        Petitioner                :     CIVIL NO. 3:CV-09-665
                                  :
    v.                            :     (Judge Conaboy)
                                  :
BUREAU OF PRISONS, ET AL.         :
                                  :
        Respondents               :

## ORDER

AND NOW THIS 30th DAY OF APRIL, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted temporary leave to proceed _in forma pauperis_ for the sole purpose of filing this action.

2. The Clerk of Court is directed to close this case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

4. The Clerk of Court is directed to send to Jennings, along with this Order, two (2) civil rights form complaints, as well as this Court's form application to proceed _in forma pauperis_ and authorization form.

                                    /s/ Richard P. Conaboy
                                    _____
                                    RICHARD P. CONABOY
                                    United States District Judge